UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VICTORIA L. JORDAN,

                              Plaintiff,

                                                      Case # 16-CV-6384-FPG
v.
                                                      DECISION AND ORDER

LISA ELLSWORTH, et al.,

                              Defendants.

## INTRODUCTION

Plaintiff Victoria Jordan brings this discrimination action against her employer, the New York State Insurance Fund (NYSIF), and her supervisor Lisa Ellsworth ("Defendants"). After Plaintiff amended her Complaint as of right, ECF No. 6, Defendants filed a motion to dismiss for lack of jurisdiction, ECF No. 11. In response, Plaintiff moved for leave to file a second amended complaint. For the reasons stated below, Plaintiff's Motion for Leave to Amend is GRANTED and Defendants' Motion to Dismiss is DENIED AS MOOT.

## BACKGROUND

### I.     Facts[1]

Plaintiff, an African American female, has worked for Defendant NYSIF as an Assistant Claims Service Representative for approximately 15 years and consistently received positive performance reviews. On October 29, 2014, Plaintiff interviewed for one of six open "Claims

---

[1] The following allegations are taken from Plaintiff's Proposed Second Amended Complaint, ECF No. 17. In deciding a motion to amend a pleading, the Court "accepts the factual allegations" in the proposed amended complaint "as true, and does not consider any exhibits outside of those included or incorporated by reference in the complaint" or the proposed amended complaint. *Arnold v. Research Found. for the State Univ. of N.Y.*, 216 F. Supp. 3d 275, 284 (E.D.N.Y. 2016).

Service Representative 1" positions at Defendant NYSIF. Defendant Ellsworth selected six Caucasian individuals with significantly less experience than Plaintiff for these positions. Plaintiff continued to apply for open Claims Service Representative 1 positions over the next several months. Each time, Defendant Ellsworth selected Caucasians with significantly less experience than Plaintiff for the positions. Even after Plaintiff lodged discrimination complaints with Defendant NYSIF in May and August of 2015, Defendant Ellsworth continued to choose significantly less experienced Caucasians over Plaintiff for Claims Service Representative 1 positions.

In December 2015, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) against Defendants. Defendant Ellsworth continued to choose less experienced Caucasians over Plaintiff for open Claims Service Representative 1 positions. On March 21, 2016 the EEOC issued to Plaintiff a Notice of Right to Sue.

## II.     Procedural History

On June 8, 2016, Plaintiff, who was then *pro se*, filed a complaint alleging age and race discrimination under the Aged Discrimination in Employment Act (ADEA) and Title VII of the Civil Rights Act of 1964 (Title VII). ECF No. 1. On September 26, 2016, she amended her Complaint to add retaliation claims. ECF No. 6.

On November 21, 2016, Defendants answered Plaintiff's Amended Complaint and filed a motion to dismiss for lack of jurisdiction. ECF Nos. 10, 11. Defendants' Motion to Dismiss argues that Eleventh Amendment sovereign immunity bars Plaintiff's ADEA claims against Defendant NYSIF and Defendant Ellsworth in her official capacity. *Id.* Defendants also argue that Defendant Ellsworth cannot be liable in her personal capacity under the ADEA because there is no individual liability under the statute. *Id.* Additionally, they claim that Defendant Ellsworth cannot be

personally liable for Plaintiff's Title VII claims because there is no individual liability under that statute either. *Id.*

On February 9, 2017, Plaintiff retained counsel. ECF No. 14.  On April 11, 2017, Plaintiff moved for leave to file a second amended complaint so she could cure the sovereign immunity defects of her initial Amended Complaint. ECF No. 17.  Specifically, Plaintiff seeks to add causes of action under Title VII, 42 U.S.C. § 1983, and the New York State Human Rights Law (NYSHRL) to her first Amended Complaint, none of which would be barred by the doctrine of sovereign immunity or for lack of individual liability.  Defendants did not respond to Plaintiff's Motion for Leave to Amend.

## DISCUSSION

### I.    Plaintiff's Motion for Leave to Amend

The Court "should freely give leave" for parties to amend their pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2).  Absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," the Court should grant the request for leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The party opposing a motion for leave to amend bears "the burden of establishing that leave to amend would be prejudicial or futile." *Blaskiewicz v. Cty. of Suffolk*, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998).  A "*pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that she has a valid claim." *Matima v. Celli*, 228 F.3d 68 (2d Cir. 2000) (quoting *Satchell v. Dilworth*, 745 F.2d 60, 72 (2d Cir. 1990)).

Although Plaintiff is no longer *pro se*, she filed her original Complaint and took her only opportunity to amend as of right before she had the benefit of counsel. *See* Fed. R. Civ. P. 15(a)(1)

("A party may amend its pleading [only] once as a matter of course . . . ."). Only now does Plaintiff have the opportunity to craft a complaint with the aid of a licensed attorney. Therefore, in the spirit of *Matima*, the Court should afford Plaintiff every reasonable opportunity to show that she has a valid claim. Furthermore, as Plaintiff's Motion for Leave to Amend makes clear, *see* ECF No. 17, none of the *Foman* factors such as undue delay, bad faith, or futility weigh against granting Plaintiff's Motion. Defendants apparently agree that granting Plaintiff leave to amend would not prejudice them or be futile, as they bear the burden of establishing the *Foman* factors but have not filed a memorandum opposing Plaintiff's Motion. Accordingly, the Court grants Plaintiff's Motion.

## II.     Defendants' Motion to Dismiss

"It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." *Int'l. Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Because the Second Amended Complaint supersedes the Amended Complaint, Defendants' Motion to Dismiss is DENIED AS MOOT.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 17) is GRANTED, and Defendants' Motion to Dismiss (ECF No. 11) is DENIED.

IT IS SO ORDERED.

Dated: December 7, 2017
         Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court