UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VICTORIA L. JORDAN,

                              Plaintiff,

                                                    Case # 16-CV-6384-FPG

v.

                                                    DECISION AND ORDER

LISA ELLSWORTH and
NEW YORK STATE INSURANCE FUND,

                              Defendants.

## INTRODUCTION

On June 8, 2016, Plaintiff Victoria L. Jordan filed a complaint alleging claims stemming from Defendant Lisa Ellsworth's repeated refusal to promote Jordan based on her race and despite her significant experience while both were employed at Defendant New York State Insurance Fund. *See* ECF No. 1. Jordan amended her Complaint twice: once on September 26, 2016, and again on December 18, 2017. ECF Nos. 6, 19. In the latter instance, Defendants failed to timely answer. *See* ECF Nos. 21, 23-24; *see also* Fed. R. Civ. P. 15(a). On May 23, 2018, over five months after Jordan filed her Second Amended Complaint, she requested the Clerk to enter default; the Clerk obliged the next day. ECF Nos. 21, 23. The same day—May 24, 2018—Defendants answered Jordan's Second Amended Complaint. Nearly two weeks later, on June 6, 2018, Defendants moved to set the entry of default aside. ECF No. 24. Jordan does not oppose the Motion.[1] ECF No. 26.

---

[1] The Court is required to evaluate Defendants' Motion even though Jordan does not oppose it. *See, e.g.*, *Yadav v. Brookhaven Nat'l Lab.*, No. CV-09-5645(SJF)(ARL), 2010 WL 2606620, at *1-2 (E.D.N.Y. June 21, 2010).

**DISCUSSION**

When a defendant has "failed to plead or otherwise defend" an action against the plaintiff, she may secure an entry of default from the clerk via an affidavit or other showing. Fed. R. Civ. P. 55(a). The clerk's entry of default is a mandatory pre-condition to seeking a default judgment from the Court. *See, e.g., Perkins v. Napoli*, No. 08-CV-6248 CJS, 2010 WL 455475 at *1 (W.D.N.Y. Feb. 4, 2010). After the clerk enters default against a defendant under Rule 55(a), however, the Court may set it aside for good cause. Fed. R. Civ. P. 55(c).

The Court considers three factors to determine whether to set aside an entry of default for good cause: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 454 (2d Cir. 2013). Based on its review of these factors, the Court finds good cause here.

**A.     Willfulness**

A default is "willful" when it is deliberate and not brought on by outside factors. *Bricklayers & Allied Craftworkers Local 2, Albany Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 188 (2d Cir. 2015); *see also Guggenheim Capital, LLC*, 722 F.3d at 455. The Second Circuit has construed "willfulness" to be more than negligence, such as egregious or deliberate conduct. *New York v. Green*, 420 F.3d 99, 108 (2d Cir. 2005).

Here, Defendants' default was negligent at most and, therefore, not egregious or deliberate. As defense counsel noted, until their recent default, Defendants have actively litigated the case. *See* ECF No. 11 (Defendants' Motion to Dismiss the Amended Complaint). Moreover, the oversight was brought on not deliberately, but accidentally and as a result of a death in defense counsel's family and his substantial workload. ECF No. 24-2 ¶¶ 3-4. Consequently, this factor favors Defendants.

### B. Meritorious Defense

A defense is meritorious if it is "more than conclusory." *Green*, 420 F.3d at 110. Whether a defense is meritorious "is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Johnson v. NYU*, 324 F.R.D. 65, 71 (S.D.N.Y. 2018) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993)). The threshold for this factor is low. *See id.*

Here, Defendants have a meritorious defense. Attached to defense counsel's affidavit is a "Position Statement," a document drafted by an individual in NYSIF's Legal Administration department, which explains the circumstances surrounding Jordan's employment and provides purportedly-legitimate, non-discriminatory reasons for declining to promote Jordan. ECF No. 24-2 at 5-13. If those arguments are proven at trial, it would constitute a complete defense to Jordan's claims. Accordingly, this factor favors Defendants.

### C. Prejudice

Finally, prejudice exists where delay will "thwart [the non-defaulting party's] recovery or remedy[,] . . . result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Green*, 420 F.3d at 110 (quoting *Davis v. Musler*, 713 F.2d 907, 915 (2d Cir. 1983)).

Here, while the Court acknowledges that Defendants' actions have caused delay, there is no prejudice to Jordan. She has alleged no prevention of recovery or remedy, no loss of evidence, no increased difficulties of discovery, and no opportunity for fraud or collusion as a result of Defendants' default. Indeed, Jordan does not oppose Defendants' Motion to set aside the entry of default. ECF No. 26. This factor, and, thus, all three factors, weigh in Defendants' favor and their Motion is GRANTED.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Set Aside Default, ECF No. 24, is GRANTED.  The Court will refer this case to a magistrate judge for further pretrial proceedings by separate order.

    IT IS SO ORDERED.

Dated: October 22, 2018
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court