UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VICTORIA L. JORDAN,

                                Plaintiff,

                                                                               Case # 16-CV-6384-FPG

v.

                                                                              DECISION AND ORDER

LISA ELLSWORTH, et al.,

                                Defendants.
_____

## INTRODUCTION

      Plaintiff Victoria L. Jordan brings this employment discrimination action against her current employer, the New York State Insurance Fund (the "Fund"), and her former supervisor, Lisa Ellsworth. ECF No. 19. Presently before the Court is Defendants' motion for summary judgment. ECF No. 46. Jordan opposes the motion. ECF No. 48. For the reasons that follow, Defendants' motion is GRANTED.

## LEGAL STANDARD

      Summary judgment is appropriate when the record shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). However, the non-moving party

1

"may not rely on conclusory allegations or unsubstantiated speculation." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quotation omitted).

## DISCUSSION

The Fund is a state agency tasked with providing "workers' compensation and disability insurance to employers in New York State." ECF No. 48-1 at 2. The Fund has multiple offices throughout the state, each of which is headed by a business manager. *Id.* The business manager manages the various departments of each office. Ellsworth was the business manager at the Rochester location from 2003 to her retirement in September 2016, and one of her responsibilities was to supervise the promotion process there. Jordan, who is African-American, started working at the Fund's Rochester location in January 2002. She works as an Assistant Claims Service Representative. At her deposition, Jordan testified she "basically [] manage[s] a case load of worker's compensation claims." ECF No. 48-3 at 80. Among other things, she speaks with claimants and medical providers; schedules independent medical examinations for workers; and authorizes medical treatment for injured workers. *Id.*

Jordan alleges that, from 2014 to 2016, Defendants denied her promotional opportunities due to her race and in order to retaliate against her for filing internal complaints concerning race discrimination. Jordan raises seven claims through various statutory vehicles, including Title VII, New York State Human Rights Law, and 42 U.S.C. §§ 1981, 1983.[1] Defendants move for summary judgment on all claims, arguing that they had legitimate, non-discriminatory/non-

---

[1] Although Jordan primarily framed her complaint in terms of race discrimination, she also referenced age discrimination. *See* ECF No. 19. In their summary judgment briefing, Defendants argue that any age discrimination claim lacks merit. *See* ECF No. 46-3 at 3. In response, Jordan does not challenge Defendants' argument or even discuss her age discrimination claim. Accordingly, the Court concludes that any age discrimination claim has been abandoned. *See, e.g., L.W. Matteson, Inc. v. Sevenson Envtl. Servs., Inc.*, 831 F. Supp. 2d 608, 618 (W.D.N.Y. 2011) ("Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way.").

retaliatory reasons for denying Jordan promotions. Because the Court agrees, summary judgment in Defendants' favor is appropriate.

Because the dispositive issue is narrow, an extended description of the facts or the law is unnecessary. All of Jordan's claims are analyzed under the *McDonnell Douglas* burden-shifting framework. *See Bowen-Hooks v. City of New York*, 13 F. Supp. 3d 179, 209-10, 219-20 (E.D.N.Y. 2014); *see generally McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). "Under this framework, (1) a plaintiff must first establish a *prima facie* case of discrimination (or retaliation); (2) if the employee does so, the burden then shifts to the employer to articulate a legitimate, non-discriminatory (or non-retaliatory) reason for the adverse action." *DeMuth v. U.S. Small Bus. Admin.*, 819 F. App'x 23, 25 (2d Cir. 2020) (summary order). "If the employer satisfies its burden, the plaintiff must then show that the reasons presented were a pretext for discrimination (or retaliation)." *Id.* (internal quotation marks omitted). "To survive summary judgment, the plaintiff must produce not simply some evidence, but sufficient evidence to support a rational finding that the legitimate, non-discriminatory reasons proffered by the defendant were false, and that more likely than not discrimination or retaliation was the real reason for the employment action." *Id.* (internal quotation marks and brackets omitted).

The Court may assume the Jordan can pass the first step. At the second step, Defendants have proffered a legitimate reason for their decision not to promote Jordan at various times from 2014 to 2016: her history of poor workplace performance and workplace misconduct. ECF No. 46-2 at 5.

Therefore, the burden returns to Jordan to demonstrate that the proffered reasons "were a pretext for discrimination (or retaliation)." *DeMuth*, 819 F. App'x at 25 (internal quotation marks omitted).

Jordan only cites one consideration in an attempt to show that Defendants' proffered reasons are "unworthy of belief." *Vohra v. Am. Integrated Sec. Grp.*, No. 16-CV-5374, 2019 WL 3288899, at *6 (E.D.N.Y. July 22, 2019). Jordan argues that Defendants' claims that she engaged in workplace misconduct and had poor performance are inconsistent with her "long history of positive performance reviews." ECF No. 48 at 7. This argument is not entirely clear. To the extent Jordan is merely arguing that Defendants should have given more weight to her positive performance reviews than to her misconduct at work or instances of poor performance, this Court may not "sit as a super-personnel department that reexamines an entity's business decisions." *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 169 (2d Cir. 2014). To the extent Jordan is arguing that Defendants' proffered reasons are inconsistent with her prior performance reviews, such that pretext may be inferred, *see Pompey-Howard v. N.Y.S. Educ. Dep't*, 275 F. Supp. 3d 356, 367 (N.D.N.Y. 2017) (stating that a plaintiff may show pretext by showing "inconsistencies . . . in the employer's proffered . . . reasons for its action"), the Court disagrees. The performance reviews are not inconsistent with Defendants' claims of misconduct and poor performance, let alone so inconsistent as to permit an inference of discrimination or retaliation.

By way of background, Jordan has received writeups and/or discipline over the years:

- In July 2011, Jordan was written up by a supervisor for failing to follow a direct order;
- In January 2013, it is noted in Jordan's annual performance review that she had a backlog of "diaries" and "mailbag documents" to complete;
- In March 2013, Jordan received a write-up after she failed to follow up with a healthcare provider, scan the required documents, or write up the necessary notes;
- In August 2013, Jordan was disciplined for an instance of misconduct that occurred in October 2012, where she "engaged in a loud, angry and public tirade" and attempted to intimidate her supervisor; and
- In September 2015, Jordan received a write-up for "lack of timely work completion."

ECF No. 46-2 at 22, 24, 26-30, 33, 37. Despite these write-ups and notations, Jordan consistently received ratings of "Satisfactory" at her annual performance reviews. *See* ECF No. 48-3 at 52-64.

Contrary to Jordan's apparent argument, no reasonable jury could discern an inconsistency between her write-ups and performance reviews so as to permit an inference of pretext. Under the performance-review rubric, a "Satisfactory" rating is a "broad" category applicable to all employees who perform "acceptably." *Id.* at 64. Such rating is appropriate where the employee "generally meets performance expectations" and performs at the level "minimally expected from an employee." *Id.* A "Satisfactory" rating remains appropriate even if "there may be areas of performance which should be improved." *Id.*

Viewed in the context of the rubric, Jordan's performance reviews and write-ups are consistent. While Jordan had some discrete instances of unacceptable performance and workplace misconduct, she "broadly" and "generally" met her performance expectations, such that "Satisfactory" ratings were appropriate. Whether she merited a promotion, however, is a distinct question. Promotions within the Fund are made "according to merit principles" with the "basic objective being to hire the person that best meets the needs of the job and the agency at that time." ECF No. 48-1 at 4. Jordan presents no argument as to why Defendants could not, consistent with this standard, consider Jordan's past behavior in deciding whether to promote her.

In short, the ground Jordan identifies to infer pretext is insufficient. Without more, "no reasonable jury could find that [Jordan] was dismissed for a discriminatory or retaliatory reason." *DeMuth*, 819 F. App'x at 25. Accordingly, Defendants are entitled to summary judgment on all of Jordan's claims.

## CONCLUSION

For the reasons discussed above, Defendants' motion for summary judgment (ECF No. 46) is GRANTED. The Clerk of Court shall enter judgment in Defendants' favor and close the case.

IT IS SO ORDERED.

Dated: December 17, 2020
       Rochester, New York

                                         _____
                                         HON. FRANK P. GERACI, JR.
                                         Chief Judge
                                         United States District Court